

**FILED**

**JUN 1 4 2018**

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRYCE J. WALKER, | Cause No. CV 18-104-M-DLC-JCL |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JUDGE HAYNES, | |
| Respondent. | |

On June 11, 2018, Petitioner Bryce J. Walker filed documents which the Court has construed as petition for habeas corpus relief under 28 U.S.C. § 2254. Walker is a state prisoner proceeding pro se.

Walker alleges Montana Twenty-First Judicial District Court Judge James A. Haynes failed to award him credit for time served on probation prior to the revocation of his sentence. (Doc. 1 at 1). Further, Walker asserts Judge Haynes failed to consider 2017 Senate Bill 63[1] in making his determination not to resentence Walker for his 2015 revocation. Walker also alleges Judge Haynes is now refusing to accept any pro se filings from him, in violation of Walker's right

---

[1] As explained below, the portion of this bill upon which Walker relies was codified into law as § 46-18-203(7)(b)(2017).

1

to due process. *Id.* at 1-2.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to examine a section 2254 habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Pursuant to Rule 4, the Court has reviewed the merits of Walker's claims in his petition, and, for the reasons discussed herein, finds that the petition is without merit and should be denied.

## I.    Motion to Proceed In Forma Pauperis

Walker seeks leave of the Court to proceed in forma pauperis. (Doc. 2). After reviewing the motion and supporting account statement, Walker has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II.    Background

Because Walker provided limited information, the Court has reviewed the state court docket for Ravalli County District Court Cause No. DC-41-2012-30, Walker's underlying state criminal case.[2]  In February of 2012, Walker was

---

[2] It is well established that federal courts may take judicial notice of state court orders and proceedings when they bear on the federal action. See *Dawson v. Mahoney*, 451 F. 3d 550, 551 (9th Cir. 2006)(taking judicial notice of state court orders and proceedings); see also *United States v. Black*, 482 F. 3d 1035, 1041 (9th Cir. 2007) (stating an appellate court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

charged with four counts of Sexual Abuse of Children.[3]  In June of 2012, Walker

entered into a Plea Agreement with the State.[4]  In October of 2012, Walker was

sentenced and written judgment was entered against him.[5]  It appears that Walker

received a fully suspended sentence.

In September of 2015, a Petition for Revocation of Walker's suspended

sentence was filed by the state.[6]  On October 29, 2015, Walker's suspended

sentence was revoked and Walker was committed to the Department of Corrections

for 10 years.  It is unclear what portion, if not all, of the 10-year sentence was

suspended.[7]

Apparently in December of 2016, Walker sent a letter to Judge Haynes who

then sent a memorandum to counsel involved in Walker's underlying case.[8]  In

July of 2017, a status hearing was held at which both counsel for the state and

defense were present.[9]  The exact nature of this hearing is not clear from the

record.

---

[3] *See* Ravalli County District Court Docket, DC-41-2012-30.  For clarity, the Clerk of Court will
be directed to file a copy of the state court docket into the record of the instant matter.  The Court
will cite the state docket as: "Rav. Cty. Dkt."

[4] Rav. Cty. Dkt., Doc. Seq. 19 & 20.
[5] Rav. Cty. Dkt., Doc. Seq. 34.
[6] Rav. Cty. Dkt., Doc. Seq. 43.
[7] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3009920
(accessed June 13, 2018).
[8] Rav. Cty. Dkt., Doc. Seq. 60.
[9] Rav. Cty. Dkt., Doc. Seq. 64.

In August of 2017, Walker appeared before the Montana Board of Pardons and Parole.[10]  Although Walker has a parole eligibility date of May 29, 2016, Walker's parole request was denied and he was ordered by the Board to obtain Sex Offender Programming (SOP).  He was also ordered to enter a pre-release center and continue his SOP while in pre-release.  Walker is scheduled to reappear before the Board for an Annual Review in August of 2018.

In November of 2017, Walker petitioned Judge Haynes for consideration for credit of suspended time.[11]  Judge Haynes denied Walker's request.  On November 28, 2017, and February 5, 2018, the district court received two additional letters from Walker.[12]  It does not appear that any action was taken in response to Walker's letters.  Aside from his correspondence with the district court, it does not appear that Walker has sought direct review of his sentence, or any form of collateral review, including state postconviction or habeas relief.

## III.  Claims

Montana Senate Bill 63, became effective on May 19, 2017, and, among other changes, revised laws related to the supervision of defendants and probationers serving a deferred or suspended sentence and revised the process

---

[10] *See* Montana Board of Pardons and Parole, August 2016 Dispositions: https://bopp.mt.gov/Dispositions (accessed June 13, 2018).
[11] Rav. Cty. Dkt., Doc. Seq. 65.
[12] Rav. Cty. Dkt., Doc. Seq. 66 & 67.

4

utilized to revoke a deferred or suspended sentence upon a finding of violation.[13]

Pertinent to Walker's claims, is MCA § 46-18-203(7)(b)(2017), which reads as

follows:

> If a suspended or deferred sentence is revoked, the judge shall
> consider any elapsed time, consult the records and recollection of the
> probation and parole officer, and allow all of the elapsed time served
> without any record or recollection of violations as credit against the
> sentence.  If the judge determines that elapsed time should not be
> credited, the judge shall state the reasons for the determination in the
> order.  Credit must be allowed for time served in a detention center or
> for home arrest already served.

*See also*, Pet. (Doc. 1 at 1).  Walker claims he attempted to have Judge Haynes

reconsider his revocation sentence, in light of Senate Bill 63 becoming law, but

was informed that he needed to utilize the services of his court-appointed attorney.

(Doc. 1 at 1).  Walker states his appointed-attorney could not assist him because he

no longer represented Walker.  *Id*.  Walker advises Judge Haynes refuses to

respond to his most recent correspondence and that the failure of the court to

accept his pro se filings amounts to a violation of Walker's Fourteenth Amendment

right to due process.

Walker believes this Court should look to the plain meaning of the statute

and grant him day for day credit for the time he previously served on probation

prior to his 2015 revocation.  *Id*. at 2.  Walker advises he is a low-risk to reoffend

---

[13] *See* Montana Legislature, Detailed Bill Information http://laws.leg.mt.gov/legprd (accessed
June 13, 2018).

and has opportunities, including employment, available to him in the community. *Id.* at 1-2. Walker also requests this Court order his immediate release from custody while this matter is pending. *Id.* at 2.

## IV.  Analysis

A federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in violation of the Constitution or laws or treaties of the United States. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010)(per curium); 28 U.S.C. § 2254(a). A prisoner has "no constitutional or inherent right...to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1970). An individual has no federal liberty interest in his probation beyond that created by the state. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011)(per curium). A valid conviction with all its procedural safeguards, generally extinguishes any federal liberty right to freedom from incarceration. *Greenholtz*, 442 U.S. at 7; *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976).

In relation to an individual's constitutional right to due process, the United States Supreme Court held the due process clause places restrictions on the revocation of the "conditional liberty" created by a grant of probation. *Black v. Romano*, 471 U.S. 606, 610 (1985). But, the Supreme Court has also held that such due process requirements relative to post-conviction revocation proceedings

6

are limited.  Because the revocation of probation is not part of the criminal

prosecution, the "full panoply of rights due a defendant in such a proceeding does

not apply." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).  The "minimum

requirements" of due process for purposes of probation revocation include: a

preliminary and final revocation hearing; written notice of the claimed violation of

probation; disclosure of the evidence against the probationer; an opportunity to be

heard and to present witnesses and evidence; the right to confront and cross-

examine adverse witnesses; a neutral and detached hearing body; and, a written

statement by the fact-finder as to the evidence relied upon and the reasons for

revoking the probation.  *Gagnon v. Scarpelli*, 441 U.S. 778, 786 (1973).

Notably, Walker does not complain that he was denied any of these

minimum requirements relative to the revocation of his suspended sentence.  It

appears, that during the 2015 revocation proceedings, Walker was provided all the

process that was due.  What Walker would like this Court to determine is that

Senate Bill 63, codified into state law in May of 2017, should have retroactive

application to Walker and, thus, entitle him to a resentencing on his 2015

revocation.  But, as Walker concedes, there is no indication that the Montana

Legislature intended the revision to the revocation statute to be applied

retroactively.  (Doc. 1 at 2).  Absent clear intent by the Montana legislature, the

courts are to presume against retroactive application of legislation.  *See e.g.,*

7

*Landgraf v. USI Film Products*, 511 U.S. 244, 268 (1994).  In short, Walker cannot establish the existence of a federal constitutional right and, therefore, fails to present a corresponding violation.

The Court would note Senate Bill 63 added additional language to § 46-18-203(7)(b), which directs the sentencing judge to confer with the probation officer when making a determination of whether or not to allow credit for elapsed or "street time," prior to the 2017 revision, the sentencing judge still had the discretion to make such an allowance.[14]

Apparently, during Walker's 2015 revocation hearing, Judge Haynes elected not to award Walker credit for his street time.  To the extent that Walker seeks to challenge Judge Haynes's interpretation of state law and the potential application of revised 2017 provision to his sentence, the claim is not cognizable in federal habeas.  Federal habeas corpus relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."  *Lewis v. Jeffers*, 497 U.S. 764 (1990); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  This Court, and the United States

---

[14] Compare MCA § 46-18-203(7)(b) (2017) *supra*, with, MCA § 46-18-203(7)(b) (2015) which reads:  "If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit.  The judge shall state the reasons for the judge's determination in the order.  Credit must be allowed for time served in a detention center or home arrest time already served."

Supreme Court, are both bound by a state court's construction of a state statute. *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993).

Even assuming Judge Haynes erred, "a mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas." *Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993). Thus, Walker's claim is not cognizable in a federal habeas proceeding and his petition should be denied.

## V.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claim Walker attempts to advance does not make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because reasonable jurists would find no reason to encourage further proceedings.

Based on the foregoing, the Court enters the following:

## ORDER

1. Walker's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. The Clerk of Court is directed to file the Ravalli County District Court Docket for Cause No. DC-41-2012-30 into the record in this matter.

## RECOMMENDATION

1. Walker's Petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Walker may object to this Findings and Recommendation within 14 days.[15] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[15] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Walker is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Walker must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of June, 2018.


/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

11