IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



BRYCE J. WALKER,

    Petitioner,

vs.

JUDGE HAYNES,

    Respondent.

CV 18–104–M–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendations in this case on June 14, 2018, recommending that Petitioner Bryce Walker's ("Walker") Petition for Habeas Corpus (Doc. 1) be denied for failure to state a cognizable federal habeas claim. (Doc. 3 at 9.) Walker filed an objection (Doc. 4) on July 23, 2018. This Court must review de novo those findings and recommendations to which Plaintiff has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (internal quotation marks and citation omitted).

In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) (citation omitted). This is precisely what Walker has attempted to do in his objections. Walker asserted in his Petition that Judge Haynes failed to properly consider and apply Senate Bill 63 when

2

sentencing Walker for a 2015 revocation of a suspended sentence. In short, Walker argued that Judge Haynes failed to credit Walker for "street time" served. As Judge Lynch explained in his Findings and Recommendations, errors of state law do not sound in federal habeas corpus. (Doc. 3 at 8.) Although Walker's Objections contain new information that may bear on his argument for resentencing in Montana State District Court, the fact remains that federal habeas relief is not the appropriate remedy for an alleged unlawful application of state law by Judge Haynes. Accordingly, the Court reviews Judge Lynch's Findings and Recommendations for clear error. Finding none,

IT IS ORDERED that Walker's Petition (Doc. 1) is DENIED for lack of merit.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgement in favor of Respondent and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 19th day of September, 2018.

Dana L. Christensen, Chief Judge
United States District Court

3